IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BETTY MOORE-MILLER,            )
                               )
        Plaintiff,             )
                               )       CIVIL ACTION NO.
v.                             )
                               )       CV-00-AR-1646-S
COMPASS BANK,                  )
                               )
        Defendant.             )

**ENTERED**

FEB 27 2002

## MEMORANDUM OPINION

Before the court are two motions by defendant, Compass Bank ("Compass"), (1) a motion for summary judgment, and (2) a motion to strike portions of the affidavit filed by plaintiff, Betty Moore-Miller ("Moore"), in opposition to Compass's summary judgment motion. Because Moore's affidavit is replete with self-serving conclusions, Compass's motion to strike will be granted, but for the reasons set forth below, the motion for summary judgment will be only granted in part.

On June 13, 2000, using a court—furnished form, Moore filed a *pro se* application for proceeding *in forma pauperis*. She enigmatically invoked the Civil Rights Act of 1964. Another judge of this court ordered that Moore's application be treated as a complaint, referred her case to a magistrate judge for the appointment of a lawyer for her, and required that the complaint be amended so as to state a cause of action. Moore rejected the lawyer who was appointed for her by the magistrate judge, whereupon her present counsel filed an appearance and filed an amended

complaint.

In her amended complaint, Moore, who is black, asserts claims under 42 U.S.C. §1981 and 42 U.S.C. §2000(e), and appends a state law claim of intentional infliction of emotional distress. She asserts that Compass "willfully and maliciously discriminated against plaintiff with respect to hiring, compensation, benefits, training, supervision, evaluations, job assignments, promotions, demotions, discipline, discharge, and other terms, conditions and privileges of employment on the basis of race in violation of his [sic] constitutional rights". In other words, according to Moore she was mistreated by Compass in almost every way an employee can be mistreated by an employer. Repetitively, Moore alleges as one of the aspects of Compass's mistreatment of her that "Defendant willfully subjected Plaintiff to desperate [sic] treatment in job assignments". Moore is not complaining of discrimination based on her sex, although she included such a claim in her EEOC charge. She does, however, include a Title VII claim of retaliation in which she alleges that she received a low evaluation by Compass after she filed her EEOC charge.

In her brief in response to Compass's motion for summary judgment, Moore concedes that she has no viable state law claim. This makes it unnecessary to address the abandoned claim of intentional infliction of emotional distress.

From her brief and Moore's affidavit to the extent not stricken, it appears that Moore concedes that her only colorable

claims are for race discrimination in promotion and training and her retaliation claim. Moore's evidence is thin and conclusory, and perhaps illusory, on these claims. The court harbors severe doubt about her ability to make out a prima facie case that will survive a Rule 50 motion at trial. But, under Rule 56 scrutiny, she is due the benefit of every doubt. Therefore, construing the evidence in her favor there may be enough to get one of more of her claims to a jury.

By separate order, Compass's motion for summary judgment will be granted as to all claims except Moore's claims of race discrimination in promotion, training and retaliation. As to said claims, the motion will be denied. A separate order will be entered accordingly.

DONE this ___27___ day of February, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE